UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>  Plaintiff,<br><br> v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et.al.,<br><br>  Defendants. | Case No.: 1:22-cv-00401-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 3) |

Plaintiff Stanley W. Mundy is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed April 6, 2022.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court

1

1  does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.
2  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
3  Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
4  extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
5  means necessary to correct the violation of the Federal right."

6  Furthermore, the pendency of this action does not give the Court jurisdiction over prison
7  officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United
8  States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action
9  and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93;
10 Mayfield, 599 F.3d at 969.

11 Plaintiff seeks an order directing that he be transferred to an appropriate prison facility that
12 provides proper medical treatment. Plaintiff has not met the requirements for the injunctive relief he
13 seeks in this motion. As an initial matter, the Court is required to screen complaints brought by
14 prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.
15 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is
16 frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks
17 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28
18 U.S.C. § 1915(e)(2)(B)(ii). The Court has yet to screen Plaintiff's complaint and therefore cannot find
19 that he has shown a likelihood of success on the merits.

20 In addition, no defendant has been ordered served, and no defendant has yet made an
21 appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other
22 prison staff at Pleasant Valley State Prison or any other institution.

23 Finally, although Plaintiff has set forth serious allegations regarding the actions of defendants
24 named in this lawsuit, Plaintiff has not demonstrated that any relief sought is "narrowly drawn,
25 extends no further than necessary to correct the violation of the Federal right, and is the least intrusive
26 means necessary to correct the violation of the Federal right." See 18 U.S.C. § 3626(a)(1)(A). In his
27 motion, Plaintiff is requesting that the Court interfere with CDCR's prison administration in
28 determining the housing of a prisoner. Such relief cannot be granted. Although the Court understands

that Plaintiff is raising serious allegations regarding possible violations of Plaintiff's rights at his current institution, he does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002). The Court declines to intercede in the security issue presented by placement of inmates in particular housing.

## II.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 3), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 28, 2022**

UNITED STATES MAGISTRATE JUDGE