UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>                Plaintiff,<br><br>        v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et.al.,<br><br>                Defendants. | Case No.: 1:22-cv-00401-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 12) |

Plaintiff Stanley W. Mundy is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for extension of time, filed May 2, 2022. Therein, Plaintiff requests a court order directing that he be granted access to his legal property following his transfer from Pleasant Valley State Prison to Mule Creek State Prison. The Court construes Plaintiff's motion as request for a preliminary injunction.

## I.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

1

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

Plaintiff seeks an order directing that he be granted access to his legal property. Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. As an initial matter, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has yet to screen Plaintiff's complaint and therefore cannot find that he has shown a likelihood of success on the merits.

In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other prison staff at Pleasant Valley State Prison or any other institution. Likewise, the Court does not have jurisdiction over prison officials at Mule Creek State Prison-where Plaintiff is currently housed.

Moreover, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of a preliminary injunction. An irreparable injury in this context would be prejudice Plaintiff

would suffer in existing or contemplated litigation, such as the failure to meet a filing deadline due to inadequate access to the law library and/or his legal property. Relevantly, the Court notes that at the time Plaintiff filed this motion, there were no deadlines for Plaintiff to meet because this action is pending the Court's screening of Plaintiff's complaint. Plaintiff has not alleged why he needs access to his legal property and Plaintiff has not identified any other irreparable injury he would suffer if the Court does not grant the relief he requests. Finally, Plaintiff has not presented any evidence that the balance of equities is in his favor or that preliminary injunctive relief would be in the public's interest.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 12), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2022**

UNITED STATES MAGISTRATE JUDGE