# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00401-ADA-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 25) |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for an injunction and/or temporary restraining order, filed December 2, 2022.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction

1  may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation
2  omitted).

3  Federal courts are courts of limited jurisdiction and in considering a request for
4  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter,
5  it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983);
6  Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S.
7  464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no
8  power to hear the matter in question. Id. Requests for prospective relief are further limited by 18
9  U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find
10 the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation
11 of the Federal right, and is the least intrusive means necessary to correct the violation of the
12 Federal right."

13 Furthermore, the pendency of this action does not give the Court jurisdiction over prison
14 officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v.
15 United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties
16 in this action and to the viable legal claims upon which this action is proceeding. Summers, 555
17 U.S. at 491–93; Mayfield, 599 F.3d at 969.

18 Here, Plaintiff seeks injunctive relief on the ground that Defendants have failed to
19 provide him the "arterial coronary diet and non[-]soy diet" as prescribed by his Doctors. (ECF
20 No. 25.)  Plaintiff has not provided sufficient information to show that he is likely to suffer
21 irreparable harm in the absence of a temporary restraining order and/or preliminary injunction.
22 While, the lack of a proper medical diet, can present an imminent risk of irreparable harm, this is
23 not true in every case. The risk of harm from some medical conditions is not imminent.  Further,
24 the Court cannot determine that Plaintiff is likely to succeed in this action as he has yet to state a
25 cognizable claim for relief and his first amended complaint is pending review by the Court.  As
26 such, plaintiff fails to show that irreparable harm is likely to occur in the absence of
27 preliminary injunctive relief.  Accordingly, it is recommended that both Plaintiff's motion for
28 temporary restraining order and motion for preliminary injunction be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (ECF No. 25), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2022**

UNITED STATES MAGISTRATE JUDGE