# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>   Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>   Defendants. | Case No. 1:22-cv-00401-ADA-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 35, 36)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff Stanley W. Mundy ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Currently before the Court are Plaintiff's motions for an emergency injunction (ECF No. 35) and for a temporary restraining order (ECF No. 36), both filed on March 29, 2023.[1] For the following reasons, the Court shall recommend both motions be denied.

///

///

---

[1] Plaintiff also filed a second amended complaint on March 29, 2023, which the Court shall address by separate screening order.

# I.

# LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. U.S., 599 F.3d 964, 969 (9th Cir. 2010). Rather, the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

# II.

# DISCUSSION

**A.    Plaintiff's Motion for Emergency Injunction (ECF No. 35)**

Plaintiff's first motion for injunctive relief seeks an order requiring the California

Department of Corrections and Rehabilitation, California Correctional Health Care Services, Mule Creek State Prison staff, and Warden Patrick Cavello to provide him the non-soy diet, "cardiac dash," and cardiac heart health diets prescribed by his doctors. (ECF No. 35.) Plaintiff claims the diet he is currently being provided causes hives and potential cancer; in support of this statement, he cites to purported medical exhibits that are not attached to his motion.

The Court concludes Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. As an initial matter, the Court notes it is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the Court has yet to screen Plaintiff's second amended complaint and therefore cannot find that he has shown a likelihood of success on the merits. Indeed, the Court notes the operative second amended complaint follows two screening orders in which the Court determined Plaintiff failed to allege facts sufficient to state a claim. (See ECF Nos. 16, 29.).

In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other prison staff at Mule Creek State Prison—where Plaintiff appears to be currently housed—or any other institution.

Furthermore, the Court concludes Plaintiff has not provided sufficient information to show he is likely to suffer irreparable harm in the absence of a temporary restraining order and/or preliminary injunction. While the lack of a proper medical diet can present an imminent risk of irreparable harm, this is not true in every case. The risk of harm from some medical conditions is not imminent. An additional fact that appears to weigh against a finding of imminent risk is the fact that Plaintiff raised similar concerns regarding the ill-effects of his non-soy diet in a separate motion for injunctive relief filed nearly a year ago (ECF No. 3), and again in a subsequent motion for injunctive relief filed in December 2022 (ECF No. 25). Plaintiff does not indicate imminent

conditions worse than previously alleged, and the Court notes it has recommended that both prior motions be denied. (See ECF Nos. 10, 26.)[2] As such, Plaintiff fails to show that irreparable harm is likely to occur in the absence of preliminary injunctive relief. Finally, Plaintiff has not presented any evidence that the balance of equities is in his favor or that preliminary injunctive relief would be in the public's interest. Accordingly, it is recommended that Plaintiff's motion for emergency injunctive relief be denied.

### B. Plaintiff's Motion for Temporary Restraining Order (ECF No. 36)

Plaintiff's second motion for preliminary injunctive relief seeks an order prohibiting CDCR, MCSP, "all staff" and Warden Cavello from transferring Plaintiff to another institution. (ECF No. 36.) Plaintiff claims the transfer is retaliatory because of his pursuit of securing his dietary needs. This motion should also be denied.

As previously noted, because the operative second amended complaint (filed concurrently with the instant motions for injunctive relief) has not yet been screened, the Court cannot conclude Plaintiff has a likelihood of success on the merits. Again, the Court lacks jurisdiction over nonparty prison officials. Finally, the Court does not find any showing of imminent and irreparable harm in the absence of the requested injunctive relief. In short, Plaintiff is requesting that the Court interfere with CDCR's prison administration in determining the housing of a prisoner. But, as the Court articulated to Plaintiff in its prior order recommending the denial of a similar motion for injunctive relief, Plaintiff does not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). (See ECF Nos. 3, 10); Meachum v. Fano, 427 U.S. 215, 224–25 (1976); McCune v. Lile, 536 U.S. 24, 38 (2002). The Court therefore declines to intercede in the security issue presented by placement of inmates in particular housing. For these reasons, Plaintiff's second motion for injunctive relief should also be denied.

///

///

---

[2] The Court notes this and other findings and recommendations recommending denial of Plaintiff's multiple motions for "emergency" injunctive relief (see ECF Nos. 10, 13, 26) are currently pending before the District Judge.

**III.**

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for an emergency injunction (ECF No. 35) be DENIED; and

2. Plaintiff's motion for a temporary restraining order (ECF No. 36) be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 30, 2023**

UNITED STATES MAGISTRATE JUDGE