## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>Defendants. | Case No. 1:22-cv-00401-SAB-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR RESTRAINING ORDER PREVENTING TRANSFER<br><br>(ECF No. 42) |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for retraining order preventing his transfer to a different yard or different prison facility, filed June 16, 2023.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction

may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

In his motion, Plaintiff contends there is no penological need to transfer him to a different prison facility because he was transferred to Mule Creek State Prison in order to accommodate his dietary needs. Although Plaintiff's complaint has been screened and found to state cognizable claims, this does not mean that Plaintiff has shown a likelihood of success on the merits. Further, the mere fact that Plaintiff believes that any transfer would be retaliatory in nature, does not create a sufficient connection to the claims at issue in this action. Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."). Further, the fact that the Court may exercise personal jurisdiction over Plaintiff in this action, or that Plaintiff is pursuing other litigation before this Court, does not provide a basis for placing a "legal hold" preventing

Plaintiff's transfer to a new institution, nor does it permit the Court to exercise jurisdiction over a non-party to this action. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.  Finally, even assuming the Court had jurisdiction to enter such an order, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred or not transferred from one facility to another). Meachum v. Fano, 427 U.S. 215, 224–25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244–45 (1983).  Accordingly, Plaintiff's motion for a temporary restraining order and/or preliminary injunction preventing his transfer to a different prison facility should be denied.

## II.
## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (ECF No. 42), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 20, 2023**

UNITED STATES MAGISTRATE JUDGE