UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00401-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Docs. 39, 49) |

Plaintiff Stanley Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 24, 2023, the assigned magistrate judge issued findings and recommendations, recommending that the action proceed on plaintiff's Eighth Amendment claim regarding the failure to provide plaintiff a medically required non-soy diet at CDCR, against defendant Jeff Macomber, in his official capacity, and on plaintiff's Eighth Amendment deliberate indifference claim against defendants Long, Pimentel, Onyeje, Logan, and Conanan.  Doc. 39.  It was further recommended that all other claims and defendants be dismissed from the action for failure to state a cognizable claim for relief.  *Id*.  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14)

1

days of service. *Id*. at 10. Plaintiff filed objections on June 9, 2023. Doc. 41.

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of this case. Plaintiff objects to the findings and recommendations, asserting that his complaint alleges CDCR has a policy to deny all medically prescribed or recommended diets and health care treatments. Doc. 41 at 1. As pled, plaintiff's allegations appear to pertain to an alleged CDCR policy not to provide a medically prescribed non-soy diet. The magistrate judge correctly found that plaintiff's complaint states a cognizable claim as to this issue only against Secretary Jeff Macomber, in his official capacity.

Plaintiff objects to the dismissal of CDCR, CCHCS, and CALPIA, arguing that this case falls under the state created danger exemption and the special relationship exemption. Doc. 41 at 2–3. However, CDCR, CCHCS and CALPIA are state agencies entitled to Eleventh Amendment immunity, and thus dismissal of the state agencies is proper. *See Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (state agencies are immune from private damage actions and suits for injunctive relief). The magistrate judge correctly found that plaintiff stated a cognizable claim against Secretary Jeff Macomber in his official capacity for the alleged policy of failing to provide a non-soy diet. Doc. 39 at 5-6.

Plaintiff further objects to the dismissal of his claims arising from the grievance policy process and CDCR's failure to provide the required forms. Doc. 41 at 5-6. The magistrate judge correctly noted that there is no stand-alone due process right related to the administrative process. *Id.* at 8. Plaintiff argues that he was injured by the lack of help with his grievances but does not allege facts sufficient to show that the grievance procedure caused him a cognizable injury. Further, the magistrate judge correctly found that the exhibits submitted with the complaint showed that plaintiff was allowed to submit requests on several different occasions. Doc. 39 at 7.

Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, IT IS ORDERED that:

    1.    The findings and recommendations issued on May 24, 2023 (Doc. 39) are adopted in full;

1      2.      This action shall proceed on plaintiff's Eighth Amendment official capacity claim regarding plaintiff's non-soy diet at CDCR against defendant Jeff Macomber, and on Plaintiff's Eighth Amendment deliberate indifference claim against defendants Long, Pimentel, Onyeje, Logan, and Conanan;

3.      All other claims and defendants are dismissed from the action for failure to state a cognizable claim for relief;

4.      Plaintiff's motion regarding the status of his objections (Doc. 49) is terminated as moot; and

5.      The matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 10, 2024

UNITED STATES DISTRICT JUDGE

3