UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>   Plaintiff,<br><br>   v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>   Defendants. | No. 1:22-cv-00401-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br><br>(ECF No. 87)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO ADD ADDENDUM TO OPPOSITION<br><br>(ECF No. 85) |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to add addendum to opposition, filed August 22, 2025 (ECF No. 85), and Plaintiff's motion to stay the proceedings pursuant to Federal Rule of Civil Procedure 56, filed September 8, 2025 (ECF No. 87).[1]

**I.**

**RELEVANT BACKGROUND**

This action proceeds on Plaintiff's claim that Defendant Macomber, acting in his official

---

[1] Although Plaintiff's references subsection (f) of Rule 56, it appears that Plaintiff seeks relief under subsection (d) which allows the court to defer ruling on a motion for summary judgment to take discovery. See Fed. R. Civ. P. 56(d).

1

1  capacity, promulgated an unconstitutional policy that deprived him of a necessary non-soy diet.

2  (ECF Nos. 34, 39.)  Plaintiff also claims that Defendants Long, Gomez Pimentel, Onyeje, Logan,

3  and Conanan acted with deliberate indifference to his serious medical needs. (Id.)

4      On February 10, 2025, Defendants filed an answer to the complaint.  (ECF No. 69.)

5      On March 17, 2025, the Court issued the discovery and scheduling order.  (ECF No. 74.)

6      Pursuant to the Court's scheduling order, Defendants filed an exhaustion motion for

7  partial summary judgment on July 17, 2025. (ECF No. 79.)

8      Plaintiff filed an opposition on August 11, 2025.  (ECF No. 84.)  On August 22, 2025,

9  Plaintiff filed a request to add an addendum to his opposition.  (ECF No. 85.)

10      On August 25, 2025, Defendants filed a reply to Plaintiff's opposition.  (ECF No. 86.)

11      On September 8, 2025, Plaintiff filed a motion to stay the proceedings.  (ECF No. 87.)

## II.

## APPLICABLE LAW

14      Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified

15  reasons, it cannot present facts essential to justify its opposition," the court may issue any

16  appropriate order, including deferring consideration of the motion for summary judgment or

17  denying it, or allowing "time to obtain affidavits or declarations or to take discovery." Fed R. Civ.

18  P. 56(d). The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration:

19  (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and

20  (3) that "the sought-after facts are essential to oppose summary judgment." Family Home &

21  Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (discussing

22  former Rule 56(f)). "Failure to comply with these requirements is a proper ground for denying

23  discovery and proceeding to summary judgment." Id. (internal quotation marks omitted).

## III.

## DISCUSSION

26      Plaintiff seeks to add an addendum to his opposition to Defendants' pending motion for

27  partial summary judgment and requests an extension of time to conduct discovery, if necessary.

28  (ECF No. 85.)  Plaintiff seeks to stay the proceedings pursuant to Rule 56 to conduct further

discovery in order to file a sur-reply to Defendants' reply in support of their motion for summary judgment. (ECF No. 87.) Plaintiff submits:

> Defendants made multiple factually inaccurate statements in their reply including, summary of undisputed facts, grievance of plaintiff additional exhibits, arguments, reasonable accommodation requests. Plaintiff need[s] discovery to show a genuine dispute exist that PVSP administrators actions and inactions did offer plaintiff remedies that were unavailable or 'dead end' or 'opaque.' … Plaintiff requires significant time to obtain discovery, affidavits, interrogatories, oral and formal depositions to prove further he fulfilled exhaustion or exhaustion is not required.

(ECF No. 87 at 2.) Plaintiff also submits that he has two other active cases and he is awaiting medical surgery. (Id.)

First, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file sur-replies with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). In this case, Defendants did not raise any new arguments in their reply brief and Plaintiff has failed to identify any valid reason why he needs to file a sur-reply. Accordingly, there is no basis to permit the filing of a sur-reply. Second, and of equal importance, Plaintiff has failed to the set forth specific facts he hopes to elicit from discovery, the facts sought exist and that the sought-after-facts are essential to oppose summary judgment.[2] Thus, Plaintiff's motion for stay shall be denied. However, in light of Plaintiff's pro se status, the timely filing of his opposition brief, and his subsequent request to

---

[2] Indeed, Plaintiff has already filed an opposition to Defendants' exhaustion motion for partial summary judgment which is 163 pages in length and includes several exhibits in support thereof. (ECF No. 84.)

supplement the opposition, the Court will grant Plaintiff's motion to add an addendum, but there is no basis to grant an extension of time to conduct discovery.[3]

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to add addendum to his opposition, filed on August 22, 2025 (ECF No. 85) is GRANTED; and

2. Plaintiff's motion to stay the proceedings, filed on September 8, 2025 (ECF No. 87), is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[3] Plaintiff's supplement will therefore be considered when ruling on Defendants' pending motion for partial summary judgment.