UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>        Defendants. | No. 1:22-cv-00401-KES-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND, WITHOUT PREJUDICE<br><br>(ECF No. 82) |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed July 28, 2025. (ECF No. 82.) For the reasons set forth below, the Court concludes that Plaintiff improperly filed a proposed third amended complaint, without a motion for leave to do so.

**I.**

**DISCUSSION**

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the

1

parties. See Fed. R. Civ. P. 15(a)(2). Under this Court's local rules, a motion for leave to amend must be accompanied by a proposed amended complaint filed as an exhibit to the motion. See E. Dist. Cal. Local Rule 137(c).

Where leave of court to amend is required and properly sought, the Court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, leave of court is required in order to file an amended complaint because more than 21 days have passed since Defendants filed their answer to the operative second amended complaint on February 10, 2025. (ECF Nos. 34, 69.) Plaintiff has titled his filing as a "motion to amend pleadings": however, Plaintiff's filing appears to be a proposed third amended complaint as Plaintiff has neither explained why an amendment is warranted nor has he sought or received the Court's leave to amend the complaint. See, e.g., Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990) (although Rule 15 is applied with extreme liberality, this does not mean leave to amend is granted automatically). In addition, there is no showing that Plaintiff obtained the consent of Defendants to amend the pleading. Accordingly, Plaintiff's "motion to amend pleadings" is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **September 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2