UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | Case No. 1:22-cv-0401 KES SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINSTRATIVE REMEDIES, AND DISMISSING UNEXHAUSTED CLAIMS WITHOUT PREJUDICE |
| v. | |
| SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al., | |
| Defendants. | Doc. 90 |

Stanley A. Mundy asserts the defendants violated his civil rights arising under the Eighth Amendment. *See generally* Doc. 34, 51. Defendants moved for summary judgment, asserting that Mundy "failed to exhaust his available administrative remedies as to Defendants M. Logan, O. Onyeje, S. Long, M. Conanan, and K. Gomez Pimentel prior to filing suit as required by the Prison Litigation Reform Act."[1] Doc. 79 at 1. Mundy opposed the motion and submitted exhibits that included grievances, responses, and medical documents. Docs. 84, 85. The matter was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found it undisputed that there was a grievance procedure at Pleasant Valley State Prison. Doc. 90 at 10, 13. The magistrate judge observed that Mundy submitted

---

[1] Defendant J. Macomber concedes Mundy exhausted his administrative remedies against him and does not join in the motion for summary judgment. Doc. 79-1 at 6, n. 1

1

four health care grievances in the relevant period, three of which were exhausted through all levels of review: PVSP HC 21000357, PVSP HC 22000032, and PVSP HC 21000435.  *Id.* at 10. The magistrate judge also noted that Mundy's exhibits showed "several other grievances in which [he] received final level decisions, including the grant of an appeal." *Id.* (citing Doc. 84 at 18-19, 30-42).  The magistrate judge determined Mundy's exhausted grievances showed the administrative "process was not a 'dead end' or so 'opaque' that exhaustion was futile." *Id.* at 11.

The magistrate judge reviewed each of the healthcare grievances—including PVSP HC 21000357, PVSP HC 22000032, and PVSP HC 21000435—to evaluate whether Mundy exhausted his claims.  Doc. 90 at 13-16.  The magistrate judge found Grievance No. PVSP HC 21000357 was sufficient "to exhaust [the] deliberate indifference claim against Defendant Gomez Pimentel for the failure to provide follow-up cauterization for his rectal bleeding following the colonoscopy in July/August 2021, as pled in the operative second amended complaint." *Id.* at 14. The magistrate judge found Grievance No. PVSP HC 21000357 did not exhaust administrative remedies, because Mundy attempted to raise new claims at the appellate level of review and "did not give adequate notice that [he] challenged any of the Defendants alleged failure to provide him with a non-soy diet and adequate medical treatment while housed at PVSP." *Id.* at 15.  Similarly, the magistrate judge found Grievance No. PVSP HC 21000435 did not exhaust any of the claims at issue because Mundy "failed to name any Defendant in this grievance and attempted to improperly raise a new issue regarding his non-soy diet at the second level of review." *Id.*

The magistrate judge also observed that "none of the grievances name Defendants Long, Logan, Onyeje, and Conanan." Doc. 90 at 16.  The magistrate judge found, "There is no reference to nurses, where the nurses worked, specific appointments dates and times, or any other information that would put officials on notice that specific medical staff could be providing inadequate medical care." *Id.* at 17.  As a result, the magistrate judge determined the identified grievances did not give notice to prison officials that "two nurses (Defendants Long and Logan) and chief medical executives (Defendants Conanan and Onyeje) were involved in any of the allegations addressed by Plaintiff's grievances." *Id.*

The magistrate judge also found Mundy did not identify evidence supporting a conclusion

2

that he feared retaliation or was deterred from the submission of grievances. *Id.* at 11-12. The magistrate judge concluded Mundy did not "submit[] admissible evidence to demonstrate that the administrative remedy process was not available to him." *Id.* at 13. To the extent Mundy asserted his grievances would not have been investigated, the magistrate judge found that "speculation that a grievance would be denied or not investigated is not sufficient to excuse exhaustion." *Id.* (citation omitted). Finally, the magistrate judge acknowledged that Mundy "submitted several non-healthcare grievances" with his opposition, as well as "three reasonable accommodation requests." *Id.* at 17 (citing Doc. 84 at 114-116, 120-121, 136-137). The magistrate judge found these filings did not "satisfy the administrative exhaustion requirement." *Id.* at 18; *see also id.* at 17-19.

The magistrate judge recommended the Court deny the exhaustion motion as to the "deliberate indifference claim against Gomez Pimentel regarding [] the failure to provide follow-up cauterization for his rectal bleeding following the colonoscopy in July/August 2021," and grant the motion "in all other respects." Doc. 90 at 19. The magistrate judge recommended the claims against Long, Logan, Onyeje, and Conanan be "dismissed, without prejudice, for failure to exhaust the administrative remedies." *Id.*

On October 7, 2025, the Court served the findings and recommendations on all parties and notified them that any objections were due within 21 days. Doc. 90 at 19. The Court also advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* at 19-20 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Defendants did not file objections.

Mundy filed objections dated October 31, 2025. Doc. 91. Mundy agrees with the findings that the prison had a grievance system in place and that he filed four healthcare grievances. *Id.* at 1. But Mundy maintains that the policy was "opaque" and that he was thwarted "from the grievance process through machination, misrepresentation or intimidation." *Id.* Mundy contends he "was new to the Grievance System" and "had no training in the law or help with an unfamiliar grievance system." *Id.* at 2. He asserts the grievance forms do not contain a warning that "you must put all defendants or violators names," and claims he was not notified that the

3

failure to do so would result in a lack of exhaustion. *Id.* Mundy also contends the medical staff did not wear name tags, which denied "easy identification of violators." *Id.* at 3. Mundy maintains his "ability to comply with an unknown and un-understandable grievance policy and exhaustion should not be required under these exceptional circumstances." *Id.* at 4 (emphasis omitted).

As the magistrate judge observed, Mundy successfully submitted several grievances to prison officials in the relevant period, including healthcare grievances and non-healthcare grievances. Mundy's evident ability to engage in the administrative grievance process undermines his argument that the process was so opaque as to render the process unavailable. Further, as the magistrate judge found, Mundy does not present any evidence supporting his argument that he suffered from "misrepresentation or intimidation" by the defendants that rendered the administrative process unavailable. To the extent Mundy asserts that the court should excuse the failure to exhaust his administrative remedies because he was unaware that he was required to name identify "all defendants or violators," his asserted lack of knowledge of this requirement does not excuse the failure to comply with the grievance process. *See Ross v. Blake*, 578 U.S. 632, 645 (2016) (misunderstanding of prison's grievance procedure does not render process "unavailable" for exhaustion purposes). A "plaintiff's lack of legal knowledge that he was required to exhaust through all levels of administrative review before filing suit in federal court" does not excuse the exhaustion requirement. *Stowers v. Hrabko*, 2020 WL 6075654, at *6 (E.D. Cal. Oct. 2020) (citing *Gurley v. Clark*, 620 F. App'x 671, 673 (10th Cir. 2015) ("Lack of knowledge of the exhaustion requirement does not excuse an inmate's failure to exhaust administrative procedures")).

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of this matter. Having carefully reviewed the matter, including the objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Mundy's objections essentially restate arguments the magistrate judge properly addressed, and he does not identify any legal error in the magistrate judge's analysis.

The Court **ORDERS**:

1. The findings and recommendations issued on October 7, 2025 (Doc. 90) are **ADOPTED** in full.

2. Defendants' motion for summary judgment based on failure to exhaust administrative remedies (Doc. 79) is **DENIED** as to the deliberate indifference claim against Gomez Pimentel regarding the failure to provide follow-up cauterization for plaintiff's rectal bleeding following the colonoscopy in July/August 2021, and **GRANTED** in all other respects, including as to plaintiff's claims against Long, Logan, Onyeje, and Conanan.

3. The deliberate indifference claims against defendants Long, Logan, Onyeje, and Conanan are **DISMISSED** without prejudice, for failure to exhaust administrative remedies.

4. The Clerk of Court is directed to update the docket and terminate Long, Logan, Onyeje, and Conana as defendants.

5. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   March 24, 2026   

_____
UNITED STATES DISTRICT JUDGE

5