UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | No.  1:22-cv-00401-KES-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS |
| v. | (ECF Nos. 60, 61, 62) |
| SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,, | |
| Defendants. | |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 20, 2026, Plaintiff filed three separate motions entitled**:** (1) motion to allow or alter or amend judgment, permission to amend or refile complaint and stay case ("Motion I"; ECF No. 97); (2) motion requesting court void judgment and order, grant permission to amend or refile complaint ("Motion II"; ECF No. 98); and (3) motion seeking permission to amen or refile complaint and stay case ("Motion III"; ECF No. 96).  Defendnats filed separate oppositions to Plaintiff's motions on May 27, 2026.  (ECF Nos. 100, 101, 102.)

**I.**

**DISCUSSION**

**A.     Motion to Amend (Motion I)**

In Motion I, Plaintiff seeks leave to amend or refile his complaint and grant a stay of this matter.  (ECF No. 97.)

As an initial matter, Plaintiff did not submit a proposed amended complaint with his motion as required by the Court's Local Rules. See Local Rule 137(c) ("If filing a document

1

requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave .... If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules ....").  Indeed, Plaintiff was previously advised of this express requirement when his prior motion to amend was denied.  (ECF No. 89.)  Rather, Plaintiff submits a single-spaced list entitled "same misconduct" which refers to alleged allegations from "6/18/17 to today," criminal prosecutions from 2013 and 2014, and allegations concerning incidents that took place at California State Prison Sacramento in 2026.  (ECF No. 97 at 2.)  The Court cannot decipher how the allegations are connected to the deliberate indifference claim upon which this action proceeds.  While normally such a failure to comply with procedural rules would result in a denial of the motion without prejudice, here there are additional factors warranting a denial with prejudice.

Federal Rule of Civil Procedure 15 governs a request for leave to amend . Once the time for amending as a matter of course has passed, Rule 15(a)(2) permits an amended pleading "only with the opposing party's written consent or the court's leave." In considering whether to grant leave to amend, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts typically consider five factors when determining whether to grant a motion for leave to amend: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

Notwithstanding the above-mentioned Rule 15 analysis, a district court "should address the issue under Federal Rule of Civil Procedure 16 [where] it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000);

see, e.g., Beech v. San Joaquin County, No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint"); Moriarty v. Cty. of San Diego, No. 17-cv-1154-LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal. Sept. 24, 2019) ("Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)'s standard.  Here, however, amendment would also require amending the scheduling order, implicating Fed. R. Civ. P. 16"); Soto v. Gines, No. 11–CV–235–LAB (JMA), 2013 WL 4517296, at *1 (S.D. Cal. Aug. 22, 2013) ("[O]nce a scheduling order has been issued in a case, amendments to pleadings are governed in the first instance by Rule 16 rather than Rule 15.") (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992)); see also C.F. v. Capistrano Unified Sch. Dist., 647 F.Supp.2d 1187, 1190 (C.D. Cal. July 27, 2009) ("In the Ninth Circuit, a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)."). Under Federal Rule of Civil Procedure 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard considers the diligence of the party seeking amendment. Johnson, 975 F.2d at 609. If good cause is shown, the party must then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Id.; see also Fed. R. Civ. P. 15, 16(b).

Here, the Court entered a scheduling order on March 17, 2025, which set a deadline for amending pleadings of June 17, 2025. (ECF No. 74.) Plaintiff brings this Motion to Amend over a year after this deadline has passed and only a few months before the July 27, 2026, close of discovery. (ECF No. 93.) Plaintiff has offered no good cause as to why the scheduling order should be amended to give him relief from a deadline that passed roughly fourteen months earlier. Indeed, Plaintiff has delayed over four years to seek this current amendment, as his original complaint was filed on April 6, 2022, and amended twice thereafter. (ECF Nos. 1, 22, 34.) Plaintiff's only explanation for this lengthy delay is that "[b]ecause of Plaintiff's brain injury he could not remember commissioner's names to properly investigate and file grievances." (ECF No. 97 at 3.) Such an excuse cannot justify Plaintiff's extended delay in bringing this motion. Similarly, while Plaintiff references a "concealment of misconduct" that he claims to have

3

discovered in January 2026 while housed at California State Prison Sacramento (EFC 97, p. 2), he fails to explain what the alleged misconduct was or why he could not have discovered it years earlier. Plaintiff thus fails to meet his burden under a Rule 15 analysis, and under the heightened "good cause" requirement of Rule 16.

A moving party's inability to explain its delay, as here, is indicative of undue delay. Swanson v. U.S. Forest Service, 87 F.3d 339, 345 (9th Cir.1996); E.E.O.C. v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir. 1988); accord Calderón-Serra v. Wilmington Trust Co., 715 F3d 14, 20 (1st Cir. 2013) ("Appreciable delay alone, in the absence of good reason for it, is enough to justify denying a motion for leave to amend"); Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006) ("We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay.")

As previously stated, Plaintiff filed the instant motion to amend four years after he filed this case, and approximately eight months after the Court denied without prejudice Plaintiff's earlier attempt to amend his complaint (ECF No. 89), and about ten months after Defendants filed a motion for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies – which Plaintiff opposed and the Court partially granted in March 2026. (ECF No. 92.)

In addition,  a "[p]laintiff may not change the nature of [a] suit by adding new, unrelated claims in [an] amended complaint." Evans v. Neuhring, No. 2:09-cv-00292 TLN AC, 2006 WL 7159246, at *2 (E.D. Cal. Dec. 7, 2016) (internal citations omitted). "Unrelated claims that involve different defendants must be brought in separate lawsuits." Id. While Plaintiff's lengthy filing is extremely vague as to what his proposed amended pleading would entail, it appears Plaintiff is seeking to significantly alter the nature of this case beyond a deliberate indifference claim against Defendant Gomez Pimental "regarding the failure to provide follow-up cauterization for plaintiff's rectal bleeding following the colonoscopy in July/August 2021" (ECF No. 92) and beyond his claim against Defendant Macomber related to a non-soy diet. Plaintiff's application mentions a host of additional potential defendants and unrelated issues that would transform the case entirely and thus the claims should be brought, if at all, in a separate lawsuit.

With regard to Plaintiff's additional requests for a stay of the action based on alleged

4

"new law," Plaintiff makes no showing as to why he is entitled to a stay nor as to the potential relevance of the "new law" on the current claims in this case.

Lastly, with regard to Plaintiff's request to refile this matter, to the extent Plaintiff seeks to voluntarily dismiss his complaint and file a new case, Defendants submit they have no objection to entering into a stipulation of dismissal pursuant to Fed. Rule Civ. Proc. 41(A)(ii).

**B.      Motion to Void Judgment and Order (Motion II)**

In Motion II, Plaintiff seeks to have the Court reconsider or void its prior order severing this case into three separate matters (ECF No. 28) and its order granting partial summary judgment and dismissing certain Defendants without prejudice for failure to exhaust the administrative remedies (ECF No. 92).

Pursuant to the Federal Rules of Civil Procedure and this District's Local Rules, a party may move for relief from or reconsideration of a previous ruling or judgment. See Fed. R. Civ. P. 60; Local Rule 230(j).  However, motions for reconsideration are disfavored and are not the place for parties to make new arguments or ". . . ask the court to rethink what it has already thought." Walker v. Giurbino, 2008 WL 1767040, *2 (E.D. Cal. 2008). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Bibbs v. Tilton, No. 1:11-CV-01012-GSA-PC, 2014 WL 280972, at *1 (E.D. Cal. Jan. 24, 2014) (citing Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987)). "When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the 'new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion.'" Id. (citing Local Rule 230(j)).

On January 11, 2023, the Court severed and transferred claims to the Sacramento Division of this Court.  (ECF No. 28.)  To the extent the severance order is considered a final order, as to the severed parties, cases and claims, it must be denied.  Motions for relief from a final order must be brought within a year if based on newly discovered evidence. Fed. R. Civ. P. 60(c)(1).  In this instance, Plaintiff seeks reconsideration of an order more than three years after it was issued and reconsideration is barred based on untimeliness.  However, even if not time-barred, Plaintiff's

5

motion fails to offer new evidence upon which reconsideration should be granted.  The severance order determined that Plaintiff misjoined certain claims and parties and ordered "claims against individuals at the Sacramento County Jail" to be transferred to the Sacramento Division and "claims against individuals at Mule Creek State Prison" to proceed in a new and separate action. (ECF No. 28 at 2-5.)  While Plaintiff's motion seeks "to combine the Covello case with the Fresno Court case" based on "ongoing conduct" and "concealing new evidence and policies," it fails to present any explanation as to how such matters, even if true, have any bearing on the severance order.  Rather, Plaintiff simply submits, without any support, that the allegations warrant termination of two separate matters currently being litigated before separate judges and in separate divisions of the Eastern District.

In addition, Plaintiff provides no basis for the Court to reconsider its prior grant of partial summary judgment based on Plaintiff's failure to exhaust the administrative remedies.  Plaintiff attaches and incorporates an ex parte motion he filed in case number 2:23-cv-00061, and argues it "shows Defendant created a policy to falsely label [P]laintiff [an] illegal IVDU drug user to conceal [D]efendants['] 2017-today unethical misconduct…".  (ECF No. 98 at 5.)  However, Plaintiff fails to explain how this alleged revelation impacted his failure to exhaust administrative remedies against the individuals dismissed by the Court's summary judgment order.  Plaintiff was clearly aware of the individuals identities and alleged wrongdoing at the time he filed the instant complaint but simply failed to exhaust the administrative remedies prior to filing suit.  Plaintiff's unfounded allegations that some "Defendant" created a policy labeling him a drug user does not implicate the prior order or constitute new evidence to support reconsideration thereof.  To the extent Plaintiff seeks a four-month stay of the action to allow him to exhaust the administrative remedies against unspecified individuals "at PVSP and MCSP," Plaintiff is reminded that administrative remedies need to be exhausted prior to filing suit, not during the pendency of the suit.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal without prejudice where a prisoner "d[oes] not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed.")  Here, Plaintiff filed his original complaint on April 6, 2022, and subsequently amended his complaint

6

twice during the following year. (ECF Nos. 1, 22, 34.) The Court denied Plaintiff's attempt, without prejudice, to file a third amended complaint on September 10, 2025. (ECF No. 89.) Plaintiff has had more than ample time to properly exhaust his administrative remedies prior to filing his multiple amended complaints, but failed to do so each time. There is therefore no basis to permit him to do so now.

### C. Motion to Amend or Refile Complaint (Motion III)

In Motion III, Plaintiff essentially repeats and reincorporates the same general requests from the other two simultaneously filed motions. (ECF Nos. 97, 98.) Plaintiff specifically requests for the Court to void or dismiss ECF Nos. 79 and 90 to:

> …allow [P]laintiff new grievance processes and exhaust[ion] based on concealed new evidence false claims and repeated infections filed as soon as he was aware, had medical record and physically able within 30 days of those events and grant stay so the new grievance, evidence and exceptional circumstance exhausted and [P]laintiff allowed permission to refile or amend his complaint while he is medically healed hopefully within four months.

(ECF No. 96 at 3.) As far as the Court can decipher, it appears Plaintiff seeks reconsideration of the Findings and Recommendations regarding Defendants' motion for summary judgment re:exhaustion (ECF No. 90), a four-month stay of these proceedings, and leave to amend the complaint. (ECF No. 96.)

In addition to the reasons stated above, Plaintiff seeks reconsideration of the Findings and Recommendations relating to the exhaustion motion for summary judgment. (ECF No. 90.) However, Plaintiff filed timely objections to the Findings and Recommendations (ECF No. 91), which were considered by the Court in adopting the Findings and Recommendations in full on March 25, 2026. (ECF No. 92.) Thus, the Findings and Recommendations have now been superseded by final order and there is no basis for reconsideration.

Plaintiff also submits two declarations-one by himself and the other from an inmate signed in April 2026, which allege that Plaintiff did not have full access to the grievance process at Pleasant Valley State Prison. (ECF No. 96 at 5-6.) However, this is the same argument Plaintiff presented in opposition to Defendants' motion for summary judgment re exhaustion which was

analyzed and rejected by the Court. (ECF No. 90 at 9-13.) Accordingly, there is no reasons to reconsider the same argument again.

Lastly, Defendants submit that they do not object to a continuance of the remaining scheduled dates in this matter by approximately four months. Indeed, in the related matter of Mundy v. Covello, et al., Case No. 2:23-cv-00061-WBS-AC (the "Covello case"), defendants requested, and were granted, a modification of the scheduling order due to Plaintiff's premature termination of his deposition and claims of mental and physical impairments which allegedly prevented him from prosecuting the action. The Covello Court modified the scheduling order to vacate the pretrial motion cutoff and continue the discovery cutoff for approximately six months, solely to allow defendants to complete Plaintiff's deposition and for Plaintiff to respond to outstanding discovery requests. (See Covello ECF Nos. 57 and 58.) As such, here (roughly two months later) Defendants have no objection to a similar four-month continuance of scheduled future dates in this case. In the interest of justice and judicial efficiency, the Court will extend the discovery and dispositive motion deadlines to facilitate discovery and the filing of dispositive motions.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motions filed on June 16, 2026 (ECF Nos. 96, 97, 98) are DENIED; and

2.    The discovery deadline is extended to **October 27, 2026**; and

3.    The dispositive motion deadline is extended to **December 28, 2026**.

IT IS SO ORDERED.

Dated:    **June 22, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

8