UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,,<br>Defendants. | No. 1:22-cv-00401-KES-SAB (PC)<br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>Doc. 104 |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

## I. <u>Relevant Background</u>

On April 20, 2026, Plaintiff filed three separate motions entitled: (1) motion to allow or alter or amend judgment, permission to amend or refile complaint and stay case (Doc. 97); (2) motion requesting court void judgment and order, grant permission to amend or refile complaint (Doc. 98); and (3) motion seeking permission to amend or refile complaint and stay case (Doc. 96). Defendants filed separate oppositions to each of Plaintiff's motions on May 27, 2026. (Docs. 100, 101, 102.)

On June 23, 2026, the Court denied all three of Plaintiff's motions. Doc. 103.

On July 22, 2026, Plaintiff filed objections to the June 23, 2026, order under Federal Rule of Civil Procedure 72. For the following reasons, Plaintiff's motion for reconsideration is denied.

## II. <u>Governing Legal Standards</u>

Rule 72 of the Federal Rules of Civil Procedure provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). "[T]he magistrate's decision on a non-dispositive issue will be reviewed by the district judge under the clearly erroneous standard." <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991). Likewise, Local Rule 303(c) states: "A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in original and citation omitted). Furthermore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted).

## III. <u>Discussion and Analysis</u>

Plaintiff asserts that reconsideration is appropriate because: (1) Defendants have made the exhaustion and litigation process "unavailable" to him; (2) Plaintiff has been denied access to the court; and (3) Defendants have concealed material evidence regarding their medical misconduct.

(Doc. 104.)

Plaintiff does not present the Court with newly discovered evidence, show that the magistrate judge committed clear error, or establish that there has been an intervening change in the controlling law that would warrant reconsideration of the magistrate judge's June 23, 2026, order (Doc. 103). As the magistrate judge noted, plaintiff's claim that he did not have full access to the grievance process in the prison was raised and considered by the court when ruling on defendants' exhaustion motion for summary judgment. (*See id.* at 7.) Plaintiff failed to explain what the alleged misconduct was and why he could not have discovered it years earlier. (*Id.* at 3-4.) Plaintiff does not identify newly discovered evidence, or new facts or circumstances. There is no basis for reconsideration of the magistrate judge's order denying his motions.

Accordingly, the Court DENIES Plaintiff's motion for reconsideration (Doc. 104).

IT IS SO ORDERED.

Dated: September 30, 2026

UNITED STATES DISTRICT JUDGE